# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00403-FDW

| | |
|---|---|
| DONTARY COLE, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| N.C. DEPARTMENT OF ADULT CORRECTIONS, et al. | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. On August 15, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments be made from Plaintiff's prison account. [Doc. 7]. Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Dontary Cole ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff filed this action on July 24, 2018, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) North Carolina Department of Adult Corrections ("DAC"); (2) FNU Bennette, identified as the Medical Director at Lanesboro Correctional Institution; (3) Prison Health Services ("PHS"); (4) Gregory Haynes, identified as a primary care provider at Lanesboro Correctional Institution; and (5) Nurse Jane Doe, who is only identified as a "nurse at the Lanesboro Correctional Facility." [Doc. 1].

Plaintiff brings claims against Defendants for deliberate indifference to serious medical

needs in violation of his Eighth Amendment rights and for violation of the Americans with Disabilities Act (ADA) by failing to accommodate Plaintiff's disabilities to allow him access to the programs and services offered by the DAC. [Doc. 1]. Plaintiff alleges as follows: In or around August of 2017, shortly after Plaintiff was transferred to Lanesboro Correctional Institution, Plaintiff requested a prescription for orthopedic shoes that he needs for treatment of his "hammer toes" condition. Plaintiff has had this condition his entire life. Since June 23, 2009, Plaintiff's prescription for these orthopedic shoes has been provided by the DAC and the PHS. The shoes allow Plaintiff to stand, walk, and to perform tasks around the prison, such as cleaning his cell, showering, walking to medical and meal services, and to participate in recreational activities and religious services that are offered by the DAC.

Plaintiff claims that from August 2017 through the date of submission of his Complaint, Defendants have denied him access to the orthopedic shoes he requires to treat his hammer toes condition, have failed to provide timely and adequate medical care to address Plaintiff's condition, have denied numerous repeated requests for treatment, and maintained "informal policies designed to deny medical care, services, accommodations, treatment and prescribed therapies." [Doc. 1 at 4-11]. Plaintiff also alleges that, as a result of the prolonged denial and lack of adequate care, Plaintiff suffered a tear of his ACL (anterior cruciate ligament), a condition that was diagnosed by a physician that is not a party to this lawsuit, and was told that he needs to see an orthopedic specialist. Plaintiff alleges he is in great physical and mental pain, has not been given a treatment plan for his ACL injury, and believes that without corrective surgery and physical therapy, he risks permanent disability. [Id. at 10-11]. Further, because of his significant physical pain, Plaintiff does not have adequate access to programs and services offered by the DAC. Plaintiff seeks injunctive relief and compensatory and punitive damages. [Id. at 5, 12].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute

deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Plaintiff alleges that for a period of at least almost a year he was denied necessary medical care that he required for a condition he has had since birth. Further, Plaintiff alleges that Defendants' failure to provide medical care and treatment was the result of an informal policy

4

designed to deny such care and resulted in not only great physical and emotional pain, but also additional serious injury and inadequate access to prison programs and services.

As such, to the extent that Plaintiff is attempting to bring a claim under the Eighth Amendment claim based on allegations that he is being denied necessary medical care for a serious medical condition and for violations of the ADA, these allegations survive initial review as to Defendants Haynes, Doe, FNU Bennette, and Prison Health Services. See Saunders v. Horn, No. 95-7844, 960 F.Supp. 893 (E.D. Penn. Mar. 27, 1997) (failure to provide medically necessary orthopedic shoes and related medical treatment sufficient to state a claim under § 1983 where standard issue prison shoes caused plaintiff constant pain); see Pennsylvania Dep't of Corr. V. Yeskey, 524 U.S. 206, 210 (1998) (noting that the ADA applies to state prisons).

As to Defendant North Carolina Department of Adult Corrections, neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

## IV. CONCLUSION

In sum, the Court finds that this action survives initial review as to Defendants Haynes, Doe, Bennett, and Prison Health Services.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants Haynes, Doe, FNU Bennette, and Prison Health Services, but Defendant N.C. Department of Adult Corrections is dismissed. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive

5

service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants FNU Bennette and Gregory Haynes, who are current or former employees of NCDPS. As for service on Defendant Jane Doe, the NCDPS shall make a reasonable attempt to identify the name of Defendant Jane Doe, who is alleged to have been employed as a nurse at Lanesboro at the times relevant to Plaintiff's Complaint.

3. As to Defendant Prison Health Services, the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and identify Defendant Prison Health Services in the summons for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendant Prison Health Services.

**IT IS SO ORDERED**.

Signed: May 14, 2019

Frank D. Whitney
Chief United States District Judge